FILED
SUPERIOR COURT
OF GUAM

2018 JAN 30 AM 10: 46

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMNAL CASE NO. CF 0364-17 |
|---|---|
| Plaintiff, | |
| v. | **DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS ALL CHARGES FOR LACK OF PROBABLE CAUSE** |
| MANUEL DAVID CAMACHO SANTOS DOB: 10/20/1995, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 20, 2017, upon Defendant's Motion to Dismiss All Charges for Lack of Probable Cause. Defendant Manuel David Camacho Santos ("Defendant") was represented by Assistant Public Defender Alisha L. Molyneux. The People of Guam ("People") were represented by Assistant Attorney General Joseph A. Perez. After reviewing the pleadings, for the reasons set forth below, the Court DENIES Defendant's Motion to Dismiss All Charges for Lack of Probable Cause.

## BACKGROUND

The People of Guam indicted Defendant with two counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), and one count of Child Abuse (as a Misdemeanor) by way of Indictment on July 6, 2017. Defendant had previously waived his right to speedy trial on June 30, 2017.

Defendant filed the instant Motion to Dismiss All Charges for Lack of Probable Cause ("Motion to Dismiss") on October 6, 2017, arguing that "[t]here must be some evidence to

**ORIGINAL**

support every element of the offense before the court can make a fining of probable cause". Def.'s Mot. 3 (Oct. 7, 2017). Defendant argued that "there is no evidence to support the essential elements of the charges against Mr. Santos." Id.

On November 7, 2017, the People filed a Superseding Indictment adding two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) to the original Indictment. The People filed their Opposition to Defendant's Motion to Dismiss on November 15, 2017, and Defendant filed his Reply on November 20, 2017.

On November 20, 2018, the Court took this matter under advisement.

## DISCUSSION

As the People charged Defendant by way of indictment, the Court examines the rules for pleading an indictment, which are codified in Title 8 Guam Code Annotated Section 55.10(a). Section 55.10(a) provides:

> (a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

An indictment itself is sufficient where "it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." Guam v. Jones, 2006 Guam 13, ¶3. When analyzing legal sufficiency "[i]t is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. Further, "[a]n indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough for trial of the charge on the merits." United States v. Costello, 350 U.S. 359, 363 (1956).

The Defendant argues that the Magistrate's Complaint filed by the People violates the pleading standards set in 8 GCA § 15.20. Although 8 GCA § 15.10 states that the pleading standards for a magistrate's complaint shall be the same as for an indictment, the Court finds no

cause to grant Defendant's request in this matter. A grand jury found probable cause to return a true bill against Defendant on two occasions. The Court generally does not have "authority for looking into and revisiting the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof." Costello, 350 U.S. at 362-63. Therefore, the Court declines to examine the grand jury's finding of probable cause.

Defendant's crafts his motion focusing on whether the evidence supports a finding that Defendant and the minor victim were within the same household, and whether Defendant had care, custody or control of the minor victim. Defendant's arguments are best suited to be decided by a jury of his peers at trial. Defendant's proper remedy would be to force the People to prove their case beyond a reasonable doubt. Therefore, the Court declines to find the necessity to dismiss any of the charges in this matter. Accordingly, the Court DENIES Defendant's Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, the Court declines to find the necessity to dismiss any of the charges in this matter. Accordingly, the Court DENIES Defendant's Motion to Dismiss.

JAN 3 0 2018

**IT IS SO ORDERED this** _____.

**HONORABLE ARTHUR R. BARCINAS**

**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

PDSC / AG / Trapp
1/30/18          /OS Ca
Date:          Time:
JSCC